UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY KIMBLE,

        Plaintiff,                                 Hon. Ellen S. Carmody

v.

                                                    Case No. 1:16-cv-755

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## **OPINION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 11). Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

1

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 53 years of age on his alleged disability onset date. (PageID.195). He successfully completed high school and previously worked as a cleaner. (PageID.56-70-71). Plaintiff applied for benefits on January 14, 2011, alleging that he had been disabled since December 31, 2008, due to neuropathy. (PageID.195-200, 242). Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.100-86). On July 16, 2015, Plaintiff appeared before ALJ William Reamon with testimony being offered by Plaintiff and a vocational expert. (PageID.62-98). In a written decision dated July 31, 2015, the ALJ concluded that Plaintiff was not disabled. (PageID.44-57). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.34-38). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

# ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v.*

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

*Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from diffuse and unspecified arthropathies and arthralgias, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.46-48). With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) he cannot climb ladders, ropes, or scaffolds; (2) he can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps/stairs; and (3) he cannot be exposed to unprotected heights. (PageID.48). At the administrative hearing, a vocational expert testified that Plaintiff, if limited to this extent, could still perform his past relevant work as a cleaner. (PageID.94-97). Accordingly, the ALJ concluded that Plaintiff was not disabled.

I. **The ALJ Properly Evaluated the Opinion Evidence**

Plaintiff argues that he is entitled to relief because the ALJ failed to afford appropriate weight to the opinions expressed by Brandon Younger, a physical therapist, and Dr. Darren Grunwaldt, his treating physician. The ALJ afforded little weight to the opinions of these care providers, a determination which is supported by substantial evidence.

A. Dr. Grunwaldt

On March 31, 2014, Dr. Grunwaldt completed a form report regarding Plaintiff's impairments. (PageID.621-24). In response to a question which asked the doctor to report how long

5

Plaintiff could continuously sit, the doctor reported, "unknown but would guess" more than 2 hours. (PageID.622). In response to a question which asked the doctor to report how long Plaintiff could continuously stand, the doctor reported, "unknown but would guess" 30 minutes. (PageID.622). The doctor reported that during a normal workday with normal breaks, Plaintiff could sit for at least 6 hours and stand/walk for less than 2 hours total. (PageID.622). The doctor reported that Plaintiff required a job with a sit/stand option. (PageID.623). In response to a question inquiring how much Plaintiff could lift, the doctor responded, "unknown." (PageID.623). The doctor also reported that he was unsure whether Plaintiff was a malingerer. (PageID.621). On May 12, 2015, Dr. Grunwaldt completed another form report regarding Plaintiff's impairments. (PageID.1018-21). The doctor provided similar responses, including that he either did not know or was "guessing" as to the extent of Plaintiff's functional ability in numerous categories. (PageID.1018-21). The doctor further recommended that Plaintiff undergo a functional capacity examination to more accurately assessment his functional limitations. (PageID.1021).

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based

upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion,

(4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

To the extent that Dr. Grunwaldt's opinions are inconsistent with the ALJ's RFC finding, the medical record supports the ALJ's assessment. While the results of EMG testing were "suggestive of" polyneuropathy, laboratory analysis of Plaintiff's blood revealed no evidence that Plaintiff was experiencing polyneuropathy. (PageID.401-02, 427, 481). The results of physical examinations were generally unremarkable. (PageID.507, 535, 740). MRIs of Plaintiff's cervical and thoracic spine revealed only "very minimal" degenerative changes. (PageID.472). Physical therapy treatment notes indicated that Plaintiff was not experiencing strength deficits and otherwise experienced an improvement in his symptoms. (PageID.700, 706). Treatment notes also indicated that Plaintiff was not taking his prescribed medications as directed. (PageID.608, 740). The ALJ discounted Dr. Grunwaldt's opinions because such were inconsistent with the record and, furthermore, because the doctor, by his own admission, simply guessed as to Plaintiff's functional ability. The ALJ's decision in this regard is supported by substantial evidence.

B. Brandon Younger

Younger, a physical therapist, completed a form report regarding Plaintiff's impairments. (PageID.1012-15). Younger reported that during an 8-hour workday, Plaintiff can sit and stand/walk less than 2 hours each. (PageID.1014). Younger reported that Plaintiff could only

"rarely" lift/carry 10 pounds and could "never" lift/carry 20 pounds. (PageID.1014). Younger also reported that Plaintiff could "never" look down and would need to take unscheduled breaks "every half hour." (PageID.1014). Finally, Younger reported that Plaintiff does not experience "good days" and "bad days" because "all days are bad days." (PageID.1015). The ALJ afforded little weight to Younger's opinions on the ground that it was inconsistent with the medical record. (PageID.55). Because Younger is not a treating physician, his opinions are not entitled to any particular deference. Nevertheless, the ALJ's decision to afford little weight to Younger's opinions is supported by substantial evidence for the reasons articulated above.

II.        **The ALJ Properly Evaluated Plaintiff's Impairments**

The ALJ determined that Plaintiff suffers from diffuse and unspecified arthropathies and arthralgias. Plaintiff argues, however, that he is entitled to relief because the ALJ failed to find that he also suffered from polyneuropathy. At step two of the sequential disability analysis articulated above, the ALJ must determine whether the claimant suffers from a severe impairment. The Sixth Circuit has held that where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision. *See Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Kirkland v. Commissioner of Social Security*, 528 Fed. Appx. 425, 427 (6th Cir., May 22, 2013) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments. . .does not constitute reversible error"). A review of the ALJ's decision makes clear that he considered the entire record and all Plaintiff's impairments

9

and limitations. Moreover, the ALJ's RFC assessment is supported by substantial evidence. Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.

Date: May 8, 2017                        /s/ Ellen S. Carmody
                                                     ELLEN S. CARMODY
                                                     United States Magistrate Judge